MAES, Chief Justice (dissenting). I respectfully dissent and adopt in full the majority opinion of the Court of Appeals, City of Albuquerque v. Pangaea Cinema LLC, 2012-NMCA-075, 284 P.3d 1090, as my dissent. Like counsel for the City, I wonder why there is a need to allow the Guild to have individual showings of adult films when the City has decided to zone this activity. I do not agree that “[b]ecause the Guild engaged in only occasional showings of adult films,” that it is not considered an adult amusement establishment, and therefore the zoning ordinances governing such establishments are inapplicable to it. Majority Opinion, ¶ 26 (emphasis added). This language appears to broaden the discretion of theaters, auditoriums, bars, restaurants, and other commercial establishments to feature, present, and promote one or more of the activities defined as “adult amusement” pursuant to Albuquerque, N.M., Code of Ordinances, Section 14-16-1-5(B) (1974, as amended 2012), on an undefined basis. This erodes the zoning power of municipalities and creates ambiguity in the application of a clear-cut zoning ordinance. As the Court of Appeals acknowledged, “we generally defer to the zoning power of municipalities, even though it is inevitable that the lines drawn pursuant to that power will result in winners and losers.” Pangaea Cinema LLC, 2012-NMCA-075, ¶ 44. PETRA JIMENEZ MAES, Chief Justice